THE FRED B. DeBRA COMPANY, AN OHIO CORPORATION, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fred B. De Bra Co. v. Commissioner
Docket No. 1915-80.
United States Tax Court
T.C. Memo 1982-344; 1982 Tax Ct. Memo LEXIS 401; 44 T.C.M. (CCH) 174; T.C.M. (RIA) 82344; June 21, 1982. James W. Lippert, for the petitioner. Kenneth P. Dale, for the respondent. GOFFE
MEMORANDUM OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioner's Federal income tax for the year 1975 in the amount of $45,060. After concessions by the parties, the only question remaining for decision is the proper interpretation of the phrase "ratably over a ten-year period" in the context of an agreement, under section 446(e), [1] by which petitioner was granted permission to *402 change its method of accounting. This case was submitted fully stipulated pursuant to Rule 122(a). We find as facts the facts and exhibits stipulated, which we incorporate herein by this reference. Petitioner Fred B. DeBra Company is a corporation duly organized and existing under the laws of the State of Ohio, with its principal place of business in Cincinnati, Ohio. Its taxable year is the calendar year. For 1971 and its prior taxable years, petitioner reported its income from long-term contracts on the accrual method of accounting. On or about June 28, 1972, petitioner filed with the Internal Revenue Service a copy of Form 3115, Application for Change in Accounting Method, in which it requested permission to change from the accrual method to the completed contract method. On January 9, 1973, the respondent, in a letter signed by the Chief, Corporation Tax Branch, granted petitioner permission to make the requested change, beginning with 1972, subject to the conditions stated in the *403 letter. Petitioner agreed to those conditions. The letter stated, as one of the conditions placed by respondent upon his allowance of the requested change, that: * * * in the event your operations for the taxable year ending December 31, 1973, result in a loss, such loss will not be claimed as a net operating loss carryback as defined in section 172(c) of the Internal Revenue Code, but instead, shall be carried forward and deducted ratably over a ten-year period. Petitioner's operations for 1973 did, in fact, result in a loss in the amount of $128,188.50 (hereinafter referred to as the loss). Of this amount, $123,188.55 was claimed by petitioner as a net operating loss deduction in its corporate income tax return for 1975, the first year after the year of the loss in which petitioner's operations produced taxable income which the loss could offset. [2] Respondent concluded, however, that, under the condition of his agreement with petitioner that required any loss incurred in 1973 to be "carried forward and deducted ratably over a ten-year period," petitioner was entitled to claim only one-tenth of the loss, or $12,818.85, in its return for 1975. Accordingly, *404 respondent disallowed $110,369.70 of the total net operating loss deduction claimed. Section 446(e) requires a taxpayer who changes his method of accounting to secure the consent of the Secretary before computing his taxable income under the new method. Permission to change a taxpayer's method of accounting will not be granted unless the taxpayer and the Commissioner agree to the terms, conditions, and adjustments under which the change will be effected. Sec. 1.446-1(e)(3)(i), Income Tax Regs.
In the present case the parties agreed that, as a condition of petitioner's change from the accrual method to the completed contract method, any net operating loss incurred by petitioner in 1973 would not be carried back, but instead would be "carried forward and deducted ratably over a ten-year period." Now, however, the parties disagree on the meaning of the phrase "ratably over a ten-year period." Respondent has determined that the phrase means that one-tenth *405 of the loss incurred in 1973 is to be deducted in each of the succeeding ten years. Petitioner argues, however, that the agreement permitted it to "carry forward and utilize the entire amount of such loss during the taxable year ending December 31, 1975." Petitioner interprets the word "ratably" to mean that the loss may be utilized "proportionately as needed during the ten-year period." The burden of proof is on petitioner to show that respondent's determination is incorrect. Rule 142(a). Although the question that we must decide arose in connection with the determination of petitioner's tax liability, it is not a question of tax law, but of the proper interpretation of an agreement. It is a familiar rule of interpretation that the common or ordinary meaning of language will be applied to the words of a contract in the absence of anything to show that they were used in a different sense. E.I. DuPont De Nemours & Company v. Claiborne-Reno Company,64 F.2d 224, 227 (8th Cir. 1933), cert. denied 290 U.S. 646 (1933). The word "ratable" is defined in Webster's Third New International Dictionary (1971) as follows: "* * * made or reckoned according to *406 a proportionate rate: proportional * * *." The word "proportional" is defined in the same dictionary as follows: "* * * being in proportion * * * having the same or a constant ratio * * *." We believe that these definitions support respondent's interpretation of the phrase "ratably over a ten-year period" to mean that one-tenth of the loss incurred in 1973 was to be deducted in each of the succeeding ten years. Under the interpretation advanced by petitioner, the loss would not be carried forward to succeeding years according to any set proportion, but rather according to the unpredictable occurrence in those years of income sufficient to absorb the loss. We consider this inconsistent with the definitions quoted above, which indicate that the word "ratably" describes a more regular and orderly utilization of the net operating loss. We also believe that the use of the phrase "over a ten-year period," rather than the phrase "over a period of not more than ten years" or some similar phrase, indicates that the utilization of the loss was to last the entire ten years. This is consistent with respondent's interpretation of the agreement, but inconsistent with petitioner's interpretation, *407 under which the loss might have been used up in a single year. Finally, we note the manner in which another condition of the agreement was stated in respondent's letter. It was estimated that taxable income for the year of transition, 1972, would have been $50,000 greater under the old method of accounting than under the new method. The agreement provides: The amount of $50,000 will be considered a special adjustment for purposes of this ruling and will be included in income for the year of transition. To compensate for the special adjustment, the $50,000 will constitute an adjustment requied to effect the change in accounting method as at January 1, 1972, and represents a ratable decrease in income over a ten-year period. This "ratable decrease in income over a ten-year period" is described elsewhere in the agreement as follows: * * * one-tenth of the adjustment required to effect the change in accounting method shall be deducted from taxable income each taxable year of the ten-year period commencing with the taxable year ending December 31, 1973 * * *. It is clear that, with respect to this condition of the agreement, the "ratable" deduction of the amount of the special *408 adjustment over a ten-year period was to be effected by deducting one-tenth of the amount of the adjustment in each of the ten years. This is entirely consistent with respondent's interpretation of the phrase "ratably over a ten-year period" as used in the condition of the agreement now in question. Accordingly, we conclude that petitioner has failed to carry its burden of proving that respondent's determination is incorrect. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, statutory references are to the Internal Revenue Code of 1954, as amended, and references to "Rules" are to the Tax Court Rules of Practice and Procedure.↩
2. The deduction of this amount, rather than the full amount of the loss, was apparently due to a clerical error. Petitioner intended to deduct the full amount of the loss, and continues to argue that it was entitled to do so.↩